UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JOSE VALDEZ; TODD SLOAN; and, DOES I through X, inclusive,<br><br>Defendants. | Case No. 2:20-cv-00704-RFB-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Leave to Amend Complaint to Add/Substitute the Executor of the Estate of Jose Valdez, which the Court construes as a motion for substitution of party. ECF No. 18. Defendants did not file a response to Plaintiff's Motion. Also before the Court is Plaintiff's Motion to Extend Time for Service (ECF No. 20), to which Defendants have not yet replied.

**I.     Background**

This action concerns an automobile accident that took place on September 11, 2017, involving Defendants Jose Valdez (sometimes "Valdez") and Todd Sloan ("Sloan"). Valdez was pronounced dead at the scene of the accident, while Sloan suffered serious injury. ECF No. 6 ¶ 12. Sloan filed a claim for damages against Valdez in Nevada's Eighth Judicial District Court. Valdez (or his estate) apparently sought to assert a claim for coverage under his policy with Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") in the state court action.

On April 21, 2020, State Farm filed the operative Amended Complaint in this Court alleging a policy exclusion exempting it from liability because Valdez was driving a vehicle owned by his daughter at the time of the accident. *Id*. ¶ 11, 13-18. Sloan answered the Amended Complaint on May 26, 2020. ECF No. 7. Although Valdez obviously could not appear in this action, on September 22, 2020, his attorney in the state court case filed a Suggestion of Death upon the Record. ECF No. 18 at 10-12. Based on discussions with Valdez's state court counsel, State Farm advises the Court

that Valdez's family has encountered difficulty in setting up and obtaining an executor for his Estate. *Id*. at 2-3. Plaintiff's counsel states he was informed that either Teresa Valdez or Andrew Valdez may be appointed as Executor of the Valdez Estate. ECF No. 20 at 13. Plaintiff's attorney also spoke with counsel for Andrew Valdez (Kennedy Lee) who indicated he was representing Andrew Valdez in an effort to set up Jose Valdez's estate. *Id*. at 14. Mr. Lee stated that if service on Andrew Valdez was required, such service could be made through him. *Id*. Mr. Lee also stated that Andrew Valdez would be appearing to represent his father's interests in the various lawsuits filed. *Id*. Of course, at this juncture, it is unclear who will be named executor of Jose Valdez's estate.

On October 16, 2020, the Clerk of Court filed a Notice of Intent to Dismiss Jose Valdez pursuant to Fed. R. Civ. P. 4(m). ECF No. 17. Plaintiff concedes Valdez was not personally served with process, but maintains it "intended to serve the appointed counsel[] or . . . legal representative" once the Suggestion of Death was filed in this Court, and that, of course, no Executor is identified to date on whom service can be made. ECF No. 18 at 4.

On November 6, 2020, Plaintiff filed the instant Motion for Leave to Amend Complaint to substitute the Executor of Valdez's Estate in place of Jose Valdez. *Id*. Two days later, Plaintiff filed its Motion to Extend Time for Service on the Executor or the Estate once it is set up and counsel is appointed. ECF No. 20 at 3.

**II.    Plaintiff's Motion for Leave to Amend Complaint to Add/Substitute the Executor of the Estate of Jose Valdez (ECF No. 18) is denied without prejudice.**

Fed. R. Civ. P. 25 governs the substitution of parties. Section (a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

A movant must satisfy three substantive requirements for a court to grant its substitution request: its motion must be timely, its claims must not be extinguished against the original party, and the person being substituted must be a proper party to the action. *Harco Nat'l Ins. Co. v. Andrew Ackerman, et al.*, Case No. 2:20-cv-01208-RFB-BNW, 2020 WL 6785934, at *1 (D. Nev. Nov. 17, 2020). If these three requirements are met and the moving party serves its motion for substitution upon the proper

2

party pursuant to Rule 25(a)(3), then the proper party is substituted in place of the decedent. *Id*. Rule 25 leaves the substitution decision to the trial court's discretion. *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000).

Plaintiff's motion cannot satisfy the third substantive requirement for substitution because it cannot identify the proper party to substitute in for Valdez. That is, "an executor or administrator . . . is the proper party for substitution of a deceased party." *Harco Nat'l Ins. Co.*, 2020 WL 6785934, at *1 (internal citations and quotation marks omitted). Here, although Plaintiff may believe Andrew or Teresa Valdez will be named as Jose Valdez's Executor, Plaintiff concedes there is no executor currently identified and, therefore, none to serve. ECF No. 18 at 4. For these same reasons, there is no proper party at this time to substitute in place of Jose Valdez.

Further, as a proper party has not been identified, it follows that Plaintiff cannot serve its motion for substitution upon the proper party pursuant to Rule 25(a)(3). In sum, Plaintiff cannot satisfy Rule 25(a)'s substantive requirements at this juncture. The Court therefore denies Plaintiff's motion for substitution without prejudice.

**III.    Plaintiff's Motion to Extend Time for Service (ECF No. 20) is granted.**

Fed. R. Civ. P. 4(m) states that a plaintiff must serve defendant(s) "within 90 days after the complaint is filed." Rule 4(m) requires a two-step analysis to determine whether to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). First, the Court "must" extend the time for service "upon a showing of good cause." *Lemoge v. U.S.*, 587 F.3d 1188, 1198 (9th Cir. 2009). Good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). Second, the Court "may" extend the time for service "upon a showing of excusable neglect." *In re Sheehan*, 253 F.3d at 512. Although the Ninth Circuit has not articulated a specific test that a court must apply at the second step of the Rule 4(m) analysis, other courts have assessed the following factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and[,] (4) whether the movant acted in good faith." *Harco Nat'l Ins. Co.*, 2020 WL 6785934, at *2 (internal citation omitted).

The Court finds Plaintiff establishes excusable neglect for its failure to serve the Estate of Jose Valdez and, therefore, extends the time for service. Applying the excusable neglect factors discussed above, the Court finds the Valdez Estate is not prejudiced by an extension of time to serve. Although Jose Valdez passed away more than three years ago, this case is still in the pleading stage. Plaintiff's counsel was informed that an Executor will be appointed over Valdez's Estate, and that the Executor will likely appear in the relatively near future. ECF No. 20 at 14. The issue is insurance coverage and proceeds, which remain disputed but nonetheless available. Thus, an extension of time to serve the Estate will not result in an adverse impact on these proceedings. Finally, Plaintiff demonstrates good faith through its communication with Valdez's state court counsel and gathering of relevant information presented to the Court. Exercising its discretion, the Court finds these reasons favor an extension of time for service upon Defendant Jose Valdez by ninety (90) days.

**IV.  Order**

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Amend Complaint to Add/Substitute the Executor of the Estate of Jose Valdez (ECF No. 18) is DENIED without prejudice. Once an executor, administrator or other proper party is appointed Jose Valdez's Estate Plaintiff **shall** refile its motion for substitution of party.

IT IS FURTHER ORDERED that Plaintiff's Motion to Extend Time for Service (ECF No. 20) is GRANTED. The deadline for service on Jose Valdez (or his estate) is extended by **ninety (90) calendar days** from the date of this Order.

DATED THIS 24th day of November, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE