UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | Case No. 2:20-cv-00704-ART-EJY |
|---|---|
| Plaintiff, | ORDER REGARDING CIVIL BENCH TRIAL |
| v. | |
| JOSE VALDEZ; TODD SLOAN; DOES I though X; inclusive, | |
| Defendants. | |

Table of Deadlines

| Activity | Paragraph | Due Date |
|---|---|---|
| Request Daily Transcripts | ¶ 9 | ASAP |
| Motions in Limine | ¶ 3 | November 15, 2022 |
| Exhibits to Opposing Counsel | ¶ 7 | December 22, 2022 |
| Exhibits to Court | ¶ 7 | December 29, 2022 |
| Witness Lists | ¶ 6 | December 29. 2022 |
| Civil Bench Trial Briefs | ¶ 10 | December 29, 2022 |
| Calendar Call | ¶ 4 | December 29, 2022 |
| Trial | ¶ 1 | January 5, 2023 |

Courtroom Administrator: katie_ogden@nvd.uscourts.gov

1. <u>Trial</u>. This case is scheduled for a bench trial before the Honorable Anne R. Traum, United States District Judge, at Las Vegas, Nevada, on **January 5, 2023, at 9:30 a.m.**

2. <u>Contact Person</u>. All questions and information regarding the trial calendar are to be directed to Katie Sutherland, Courtroom Administrator, via email at katie_ogden@nvd.uscourts.gov.

3. <u>Motions in Limine</u>.

   a. Motions in limine must be filed as one consolidated motion, as opposed to numerous separate motions.

      b. Motions in limine must be filed by November 15, 2022.

           i. Motions filed after this established deadline will be considered only upon a showing of good cause.

           ii. Counsel are required to meet and confer on the issues raised in the motion in limine before filing the motion and must include a statement certifying compliance with this personal consultation requirement. LR 16-3(a).

      c. Responses to motions in limine are due on November 29, 2022, which is fourteen (14) days after the motion deadline.

4. <u>Calendar Call</u>.

      a. The Court will hold a Calendar Call at 11:00 a.m. on December 29, 2022, which is the Thursday of the week preceding the bench trial date.

      b. Counsel for all parties must appear via Zoom for Calendar Call. The individual parties will not be required to appear for Calendar Call unless the Court directs otherwise. Counsel and their clients will be excused from Calendar Call if, prior to the scheduled calendar call, settlement papers have been filed.

      c. The Court will address the schedule of the trial and any matters relating to witnesses or exhibits, and the Court may issue rulings on any motions regarding trial, such as motions in limine.

      d. After the Calendar Call, the Court will not grant a continuance to any party absent a showing of good cause.

5. <u>Status Conferences</u>.

      a. The Court may conduct a status conference prior to the scheduled Calendar Call.

2

    b. Any party who wishes to request a pretrial status conference must notify the Courtroom Administrator no later than two weeks before Calendar Call.

    c. If the Court is satisfied during the status conference that the case is ready for trial, the Court may vacate the Calendar Call.

6. <u>Witnesses</u>.

    a. Counsel must immediately subpoena all witnesses for the time and bench trial date as listed above. The subpoenas should contain a special instruction from counsel directing witnesses to contact counsel's office—not the Court—for further instructions prior to appearing for trial. Witnesses are not required to be present at the Calendar Call but must appear as subpoenaed.

    b. Counsel must file their witness lists by December 29, 2022, which is seven (7) days before the first date of the bench trial.

7. <u>Exhibits</u>.

    a. Counsel must serve opposing counsel with marked trial exhibits by December 22, 2022, which is fourteen (14) days before the bench trial date.

    b. Counsel must electronically file their complete exhibit lists containing all exhibits that are intended to be used during the trial by December 29, 2022, which is seven (7) calendar days before the bench trial.

    c. Plaintiffs must use numerals 1 through 499 to number their exhibits, and defendants must use numerals 500 through 999. The exhibits are to be listed on a form provided by the Clerk's

        Office, and they may be computer-generated if they conform to the requirements of the form that is provided by the Clerk.[1]

    d. The Court uses the Jury Electronic Recording System ("JERS"). On or before December 29, 2022, which is seven (7) calendar days before the bench trial, the parties must provide the Courtroom Administrator with electronic media (e.g., CD, thumb drive, or hard drive) that contains images of all the exhibits counsel intend to use, in a format specified by the memorandum attached as exhibit 1 to this Order. Counsel should retain copies of their exhibits for use by the witness in the courtroom if needed. Counsel is encouraged to eliminate duplicate exhibits and stipulate to admissibility and authenticity of exhibits where practicable. LR 16-3(b)(8)(B).

8. <u>Evidence Display Equipment</u>.

    a. Counsel may use the Court's evidence display equipment or their own display equipment.

    b. Counsel must contact the Courtroom Administrator if they wish to use evidence display equipment, either to reserve the Court's equipment and arrange for training to use the Court's equipment or to arrange a time and date to set up counsel's equipment prior to trial.

9. <u>Expedited or Daily Transcripts</u>.

    a. Any party that will require expedited or daily transcripts shall notify **Donna Prather, Court Reporter** via email at **Donna_Prather@nvd.uscourts.gov** immediately upon receipt of

---

[1] Exhibit list forms can be found at https://www.nvd.uscourts.gov/. If Plaintiffs have greater than 500 exhibits, Defendants may begin numbering at 1000 or 2000.

        this order. The court reporter will provide instructions with respect to expedited or daily transcripts.

      b. Failure to timely notify the court reporter may result in an inability to provide expedited or daily transcripts.

      c. If the parties cannot agree on a joint statement, they must file a separate statement of the case explaining the areas of disagreement.

10. <u>Civil Bench Trial Briefs</u>.

      a. Each party shall submit a bench trial brief, not to exceed 15 pages, on or before December 29, 2022, which is seven (7) calendar days before the bench trial date.

      b. A trial brief is most helpful to the Court when it summarizes the party's theory of the case, identifies key evidence, and provides summary briefing on any controlling issues of law.

11. <u>Trial Schedule</u>.

      a. On Thursday, January 5, 2023, the bench trial will begin at 9:30 a.m. and end at 4:30 p.m.

      b. On any remaining days, parties should plan to be available beginning at 8:00 a.m. each day of trial.

      c. This standard trial schedule may be modified for good cause; however, requests should be submitted at Calendar Call.

12. <u>Bench Trial Judge</u>. Although the cases that are on the trial stack are assigned to Judge Traum, the cases may proceed to trial before another Nevada district judge or a visiting district judge.

13. <u>Consent to Proceed Before a Magistrate Judge</u>.

      a. Counsel and parties in civil actions are reminded of their right to consent to disposition before a United States Magistrate Judge pursuant to Title 28, Section 636(c)(2) of the United States Code.

        The right to proceed before a Magistrate Judge in a civil case includes those cases that will be tried before a jury as well as those cases to be tried before the Court sitting without a jury. Any appeal from a judgment in a proceeding before a Magistrate Judge must be taken directly to the United States Court of Appeals.

    b. The option to proceed before a Magistrate Judge is available to the parties at the time an action is commenced. The Court may refuse to approve a consent if it appears to be motivated by an effort to delay the proceeding.

14. <u>Sanctions</u>. Failure to comply with this order or any other of this Court—including a failure to comply with deadlines therein—may result in sanctions including, but not limited to: compensation for excess costs incurred due to an attorney's unreasonable and vexatious conduct; limiting or prohibiting voir dire; striking frivolous or improper papers, claims, defenses, or contentions; striking deposition testimony; per diem fines; awards of attorneys' fees; or dismissal with or without prejudice of a case or claims.

IT IS SO ORDERED.

DATED THIS 29th Day of September 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE



**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**OFFICE OF THE CLERK**

**LLOYD D. GEORGE U.S. COURTHOUSE**
**333 LAS VEGAS BOULEVARD SOUTH**
**LAS VEGAS, NEVADA 89101**
**(702) 464-5400**

DEBRA K.KEMPI
CLERK OF COURT

CYNTHIA K. JENSEN
CHIEF DEPUTY, LAS VEGAS

JAKE HERB
CHIEF DEPUTY, RENO

JURY EVIDENCE RECORDING SYSTEM (JERS)

The United States District Court for the District of Nevada, Southern Division is implementing the JERS system that allows evidence admitted during trial to be viewed electronically by the jurors during their deliberation.  JERS provides easy, access to evidence during the deliberations through the use of a touch screen monitor in the jury room.

Attorneys of record will be given an opportunity to review the exhibits at the conclusion of testimony and evidence.  Court personnel, at the Judge's direction, will release exhibits to the jury as deliberations begin.

JERS has the ability to:

- Store all exhibits submitted prior to trial, and then designate just those admitted into evidence;
- Capture, through the courtroom's presentation equipment, exhibits that were not submitted prior to trial but are later admitted by the court;
- Print a list of exhibits, by exhibit number and description, that will be released to the deliberating jury; and
- Restrict how the jury may review the exhibit: Audio Only, Video Only, and Zoom Off (Zoom Off restricts the jury from enlarging an exhibit on the touch screen in the deliberation room).

**Submitting Exhibits**

Counsel shall submit all proposed exhibits on a DVD-R, CD, or USB Flash Drive (storage device) as directed by the court. The disc or drive shall be labeled with the title of the case and the name of the party for whom the exhibits are submitted.  A hard copy of the party's exhibits list that includes the electronic file name for each exhibit shall be submitted with the storage device.  Unless otherwise directed by the court, the storage device will not be returned to counsel.  Parties shall be prepared to submit hard copies of any exhibits admitted during trial.

There are two ways for attorneys to submit exhibits:

Method one: each exhibit file should be clearly named as in the examples below, using this format: **exhibit number_exhibit description.file extension**, or, if an exhibit has sub-parts, **exhibit number-exhibit subpart_exhibit description.file extension**. All exhibits must be in the same folder or directory.

> For example:
> 1-a_photo of store from east view.jpg
> 1-b_photo of store from west view.jpg
> 2_camera footage.wmv
> 3_contract.pdf

Method two: law firms using exhibit management software may submit (on a storage device) exhibits exported using an indexed filename method with a text delimited file naming the exhibits. The text file must be named "Exhibits.txt" and each line must contain information using the this format: **exhibit number-optional subpart|exhibit description|exhibit file name**. The "exhibits.txt" file must be in the same folder or directory as all the exhibits.

> For example:
> 001-001|Photo of bank|GX001.pdf
> 002-001|Camera footage|GX002.wmv

**Exhibit File Types**

JERS will accept electronic evidence only in the following formats as other types cannot be uploaded:

- Documents and Photographs: .bmp, .gif, .jpg, .pdf, .tif
- Video and Audio Recordings: .avi, .mpg, mp3, .wav, .wma, .wmv

**Each PDF file may not be larger than 12MB. Hyphens and underscore characters must be used as shown in the examples above.

Questions regarding this system may be directed to Amber Freeman, Operations Manager at (702) 464-5425.